ERIC A. SEITZ
ATTORNEY AT LAW
A LAW CORPORATION

**ORIGINAL**

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

FEB 0 1 2008

at 5 o'clock and 03 min. P M
SUE BEITIA, CLERK

ERIC A. SEITZ              1412
LAWRENCE I. KAWASAKI       5820
DELLA A. BELATTI           7945
820 Mililani Street, Suite 714
Honolulu, Hawaii 96813
Telephone: (808) 533-7434
Facsimile: (808) 545-3608

Attorneys for Plaintiff

IN THE UNTIED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| TROY MATTOS and JAYZEL MATTOS, <br><br> Plaintiffs, <br><br> vs. <br><br> DARREN AGARANO, RYAN AIKALA, STUART KUNIOKA, HALAYUDHA MACKNIGHT, MAUI COUNTY, AND JOHN DOES 1-10, <br><br> Defendants. | CIVIL NO. 07-00220 DAE/BMK <br><br> PLAINTIFFS' MEMORANDUM IN OPPOSITION TO COUNTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; DECLARATION OF DELLA A. BELATTI; EXHIBITS 1-2; CERTIFICATE OF SERVICE |

PLAINTIFFS' MEMORANDUM IN OPPOSITION TO
COUNTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

I.  INTRODUCTION

In response to County Defendants' cross-motion for summary judgment Plaintiffs TROY MATTOS and JAYZEL MATTOS hereby adopt and reassert all of the arguments contained in their own pending motion for summary judgment, their reply memorandum to their motion for summary judgment, and in their recently filed pleadings in support of a motion to amend the scheduling order. It is submitted that those pleadings are dispositive as to all of the arguments advanced in behalf of the individual Defendants and necessitate that the County Defendants' motion for summary judgment be denied it its entirety.

II.   ARGUMENT

The only new, or additional, statement of facts and contentions advanced by the Defendants argue, in substance, that there are no issues of material fact pertaining to the lawfulness of Maui County's policies, practices, and usages with respect to the employment of force, use of Taser weapons, and entries into private residences as asserted by the Plaintiffs in their Complaint. In making those contentions County Defendants boldly assert that their own acts in this case comported with existing policies and practices and/or that if the individual officers acted erroneously, they should be immune from suit.

Unfortunately for the County Defendants, those arguments amount to assertions that it is permissible for the police – as a matter of policy and/or practice – to make unwarranted entries into private residences without probable cause,

consent, or exigent circumstances; that it is acceptable for the County's police officers to arrest residents in their homes if they protest and swear at the officers for making illegal entries, and that the County authorizes and/or condones the use of Taser weapons in small confined spaces against individuals who pose no physical threat to the officers.

We submit that if those are the policies and/or practices of Maui County, no state or federal court can determine, as a matter of law, that the County or any of its officers can avoid liability upon claims brought by private citizens who have been victimized by the police as asserted by the Plaintiffs in this case.

Moreover, because the County Defendants have refused thus far to produce critical documents pertaining to their actual policies and practices, the County certainly cannot obtain summary judgment at this juncture in the litigation even if they could establish that the County Defendants' conduct is entirely blameless and benign.

On August 28, 2007, Plaintiffs served upon County Defendants their first request for production of documents. Plaintiffs' request, in relevant part, included the following:

. . .

(1) Any and all . . . reports . . . pertaining to and/or prepared in connection with or as a consequence of any of the events set forth in the Complaint;

(2) The personnel files for Defendants Darren Agarano, Ryan Aikala, Stuart Kunioka and Halayudha MacKnight, including, but not limited to, any complaints, disciplinary actions, internal affairs records, and their training in the use of force and the use of the Taser weapon;

. . .

(8) Any and all rules, regulations, policies, manuals, instructions, training materials, and/or protocols of the Maui County Police Department and/or the County of Maui pertaining to the entry of houses and/or residences by police officers;

. . .

(12) Any and all . . . documents relating to incidents where Maui County police officers employed a Taser weapon from 2004 to the present;

. . .

(13) Any and all reports and/or opinions of any expert witnesses.

Exhibit 1, Plaintiffs' First Request for Production of Documents.

The County Defendants have refused to produce any policies, training manuals or training records pertaining to the entry of residences by police officers; they have withheld the Use of Force report and the Taser Use report for the events in this case; they have refused to document the number of cases or circumstances in which Taser weapons have been employed by Maui County police officers; they have not produced the reports and/or opinions of expert witnesses that they are relying on in their motion for summary judgment; and they are withholding the individual defendant police officers' own personnel records which would include training, disciplinary, and other information to determine their qualifications to

4

enter private homes, employ force, and utilize Tasers. See Exhibit 2, County Defendants' Letter to Plaintiffs' Counsel dated January 16, 2008.

In their motion for summary judgment, filed on January 10, 2008, the Defendants for the first time purport to identify several "experts" whose qualifications and reports have not previously been provided. See Defendants' Concise Statement of Facts in Support of County Defendants' Motion for Summary Judgment, Exhibit G, H and L. In his declaration, at least one of those "experts," Robert M. Bragg, merely restates the factual contentions of the defendant police officers, as if they are stipulated, and thereupon provides various opinions. See Defendants' Concise Statement of Facts in Support of County Defendants' Motion for Summary Judgment, Exhibit L. Obviously none of these mainland "experts" have been deposed, nor is it even possible to depose them without more information about their qualifications and the opinions they are purporting to advance.

Rule 56(c), Federal Rules of Civil Procedure provides that summary judgment is appropriate where, <u>after adequate time for discovery</u>, the non-moving party fails to make a showing of sufficient evidence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986);

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

The discovery currently being sought by Plaintiffs is directly relevant and material to the claims against Maui County Defendants in the instant case, particularly in light of the use of the Taser weapon in this matter, and completion of discovery thereof is essential to respond to County Defendant's motion of summary judgment.

III.   CONCLUSION

Accordingly, Plaintiffs submit that the Court can and should rule on all of the contentions set forth in the pending motions with respect to the admitted and undisputed acts of the individual police officers and their asserted claims of qualified immunity; however, as to the liability of Maui County Defendant, it is submitted that the County's own motion for summary judgment should be denied without prejudice pursuant to Rule 56(f), Federal Rules of Civil Procedure, inter alia, pending the completion of on-going and essential discovery. See Hellstrom v. u.S. Dept. of Veteran Affairs, 201 F.3d 94 (2nd Cir. 2000); Carmona v. Toledo, 215 F.3d 124 (1st Cir. 2000).

/

/

/

Dated: Honolulu, Hawaii, <u>     February 1, 2008    </u>.


_/s/ Della A. Belatti_
ERIC A. SEITZ
LAWRENCE I. KAWASAKI
DELLA A. BELATTI

Attorneys for Plaintiff